**UNPUFBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4387

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

COLUMBUS CRAYTON FREEMAN, III,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (CR-04-287)

Submitted: January 4, 2006        Decided: January 25, 2006

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Christopher L. Hamlin, MCNAMEE, HOSEA, JERNIGAN, KIM, GREENAN & WALKER, P.A., Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Daphene R. McFerren, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

On May 28, 2004, federal agents executed a search warrant on the residence of Columbus Freeman.  The agents recovered equipment for making identification documents, a 9mm handgun, and a magazine with fifteen rounds of ammunition.  Freeman was indicted for possession of document-making equipment with the intent to produce false identification documents, see 18 U.S.C.A. § 1028(a)(5) (West 2005), and possession of a firearm by a felon, see 18 U.S.C. § 922(g)(1) (2000).  He moved to suppress the fruits of the search, and the district court denied the motion.

Freeman subsequently pleaded guilty to both charges, reserving his right to bring this appeal challenging the denial of his suppression motion.  We review de novo legal conclusions regarding probable cause and reasonable suspicion, and review for clear error the underlying factual findings.  United States v. Singh, 363 F.3d 347, 354 (4th Cir. 2004).

Freeman asserts three reasons why the search violated his rights.  First, he contends that the search warrant, which was issued by a state judge in Maryland, was not supported by probable cause.  Determining the existence of probable cause requires the judge issuing the warrant "'to make a practical, common-sense decision whether, given all of the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'"  United

2

States v. Robinson, 275 F.3d 371, 380 (4th Cir. 2001) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)).

The affidavit presented to the state judge in this case met this standard. It stated that a "Cooperating Defendant" had told the agents that Freeman was manufacturing false identification documents at his residence, and that the agents had subsequently corroborated this tip by monitoring a "Confidential Informant" entering Freeman's residence and purchasing such documents. Freeman makes much of the fact that the state judge may not have been aware that the "cooperating defendant" and "confidential informant" were the same person, but this minor referential discrepancy was immaterial to the determination of probable cause. See, e.g., United States v. George, 971 F.2d 1113, 1123 n.15 (4th Cir. 1992). Moreover, even if the warrant was improperly issued, the agents were entitled to rely upon it because the record lacks evidence of their bad faith or objective unreasonableness in believing probable cause to be present. See United States v. Leon, 468 U.S. 897, 926 (1984); United States v. Perez, 393 F.3d 457, 460-66 (4th Cir. 2004).

Second, Freeman argues that the agents violated his constitutional and statutory rights by neglecting to knock and announce their presence when executing the warrant. See 18 U.S.C. § 3109 (2000); United States v. Banks, 540 U.S. 31, 35-36 (2003). While knocking and announcing is a default requirement of warrant

3

execution, officers may dispense with it where they "'have a reasonable suspicion'" that under the circumstances it would be "'dangerous or futile, . . . or would inhibit the effective investigation of the crime.'" Id. at 36 (quoting Richards v. Wisconsin, 520 U.S. 385, 394 (1997)), see also id. at 42-43. Such reasonable suspicion existed here: the informant told the agents that Freeman had a gun and had vowed not to be captured by law enforcement.

Third, Freeman claims that the gun must be excluded from evidence because the warrant did not authorize a search for firearms. Shortly after entering, the agents asked Freeman whether he had any dangerous weapons, and he directed them to a drawer in a storage unit containing the 9mm handgun. While the warrant did not authorize the agents to search specifically for a gun, it is nevertheless admissible because its discovery was inevitable. See Nix v. Williams, 467 U.S. 431, 444 (1984). The warrant permitted the agents to look for, inter alia, a variety of paper documents, and it is inconceivable that they would have failed to eventually open this drawer of their own accord.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process.

AFFIRMED

4